FILED

2017 MAR 27  PM 4:40

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ST. PAUL FIRE & MARINE INSURANCE
COMPANY, a foreign corporation,

     Plaintiff,

v.

ROSEN MILLENNIUM, INC. d/b/a ROSEN
MILLENNIUM TECHNOLOGY GROUP, a
Florida corporation,

     Defendant.

CASE NO. 6:17-cv-540-ORL-41-GJK

## COMPLAINT

Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul"), by and through its undersigned counsel, sues Defendant ROSEN MILLENNIUM, INC. d/b/a ROSEN MILLENNIUM TECHNOLOGY GROUP ("Rosen") for declaratory relief and states:

### JURISDICTION AND VENUE

1.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under certain policies of insurance.

3.    The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000.00, exclusive of interest, costs, and attorneys' fees. Rosen, St. Paul's insured, has claimed indemnity for nearly $2.4 million in fines owed to Visa, MasterCard, and American Express as a result of an alleged data breach, as well as other costs and expenses incurred as a result of the alleged data breach.

- 2 -

CASE NO.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(a) and (b), because the defendant is a resident of the state of Florida and because the defendant is located in Orlando, Florida, which is located in this district and division thereof.

5. All conditions precedent to the filing of this action have occurred or have been complied with.

6. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

7. At all times material to this action, Plaintiff St. Paul is and was a Connecticut corporation with its principal place of business in Hartford, Connecticut. Plaintiff is and was a citizen of Connecticut.

8. Upon information and belief, at all times material to this action, Defendant Rosen is and was a Florida corporation with its principal place of business in Orlando, Florida.

9. Therefore, because this action is between citizens of different states and the amount in controversy requirement has been met, this Court has jurisdiction. 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

10. Plaintiff St. Paul issued a commercial general liability policy to Rosen, policy number ZPP-15N25399-14-I5, with effective dates of February 24, 2014 to February 25, 2015 (the "Policy"). A copy of the Policy is attached heretofore as **Exhibit "A"** and is fully incorporated herein.

-2-

11.    The Policy had limits of $1 million per event, $1 million for advertising injury per person, and $1 million for personal injury per person, all subject to a $2 million aggregate limit.

12.    The Policy provided, in relevant part:

## What This Agreement Covers

### Bodily injury and property damage liability

We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

- happens while this agreement is in effect; and

- is caused by an event.

*Protected person* means any person or organization that qualifies as a protected person under the Who Is Protected Under This Agreement section.

*Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons.

****** 

*Property damage* means:

- physical damage to tangible property of others, including all    resulting loss of use of that property; or

- loss of use of tangible property of others that isn't physically    damaged

****** 

*Tangible property* does not include data.

****** 

*Event* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

****** 

- 3 -

CASE NO.

**Personal injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered personal injury that:

- results from your business activities; and

- is caused by a personal injury offense committed while this agreement is in effect.

*Personal injury* means injury, other than bodily injury or advertising injury, that's caused by a personal injury offense.

*Personal injury offense* means any of the following offenses:

- False arrest, detention, or imprisonment.

- Malicious prosecution.

- Wrongful entry into, or wrongful eviction from, a room, dwelling, or premises that a person occupies, if such entry or eviction is committed by or for the landlord, lessor, or owner of that room, dwelling, or premises.

- Invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, if such entry or eviction is committed by or for the landlord, lessor, or owner of that room, dwelling, or premises.

- Libel, or slander, in or with covered material.

- Making known to any person or organization covered material that disparages the business, premises, products, services, work, or completed work of others.

- Making known to any person or organization covered material that violates a person's right of privacy.

*Covered material* means any material in any form of expression, including material made known in or with any electronic means of communications, such as the Internet.

**Advertising injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered advertising injury that:

- results from the advertising of your products, your work, or your completed work; and

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

- is caused by an advertising injury offense committed while this agreement is in effect.

******

*Advertising injury* means injury, other than bodily injury or personal injury, that's caused by an advertising injury offense.

*Advertising injury offense* means any of the following offenses:

- Libel, or slander, in or with covered material.

- Making known to any person or organization covered material that disparages the business, premises, products, services, work, or completed work of others.

- Making known to any person or organization covered material that violates a person's right of privacy.

- Unauthorized use of any advertising material, or any slogan or title, of others in your advertising.

*Advertising* means attracting the attention of other by any means for the purpose of:

- seeking customers or supporters; or

- increasing sales or business.

*Advertising material* means any covered material that:

- is subject to copyright law; and

- others use and intend to attract attention in their advertising.

******

**Right and duty to defend a protected person.**

We'll have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform any other act or service. We'll have the right to investigate any event, offense, claim, or suit to the extent we believe is proper. We'll also have the right to settle any claim or suit within:

- 5 -

CASE NO.

- any applicable deductible; or

- the available limits of coverage.

\*\*\*\*\*\*

*Claim* means a demand that seeks damages.

\*\*\*\*\*\*

**Exclusions – What This Agreement Won't Cover**

\*\*\*\*\*\*

**Contract liability.** We won't cover injury or damage for which the protected person has assumed liability under any contract or agreement.

\*\*\*\*\*\*

13.     This declaratory relief action concerns a claim arising out of an alleged attack on Rosen's data network—in particular, those servers upon which Rosen stored the credit card information of its customers.

14.     On or about February 3, 2016, Rosen began to received reports pertaining to patterns of unauthorized charges on customer cards shortly after they were used by guests during their stay at Rosen's various hotels.

15.     Shortly thereafter, Rosen allegedly retained forensic investigators, allegedly at a cost of approximately $150,000, to determine whether a breach had occurred, and if so, its source.

16.     The investigation allegedly revealed that malware had been installed on the payment network, and that cards used at the hotel chain between September 2014 and February 2016 may have been affected.

- 6 -

17.     Indeed, there were allegedly three windows of the breach: September 2, 2014 to September 15, 2015; September 25, 2015 to February 10, 2016; and February 11, 2016 to February 18, 2016.

18.     As a result, on or about March 4, 2016, in compliance with various state laws, Rosen disclosed to the group of allegedly affected customers that a data breach may have occurred, and encouraged its affected customers to remain vigilant for signs of unauthorized charges.

19.     In compliance with these state breach disclosure laws, Rosen allegedly incurred approximately $50,000 in attorneys' fees, $15,000 in fees to a crisis management firm, and $40,000 in costs for the notifications themselves.

20.     As a result of the alleged attack and the findings of the investigation, and in accordance with their respective card services agreements, Visa, MasterCard, and American Express allegedly imposed substantial fines on Rosen.

21.     MasterCard allegedly imposed a fine of $1,005,139.72 on Rosen in connection with the breach.

22.     American Express allegedly imposed a fine of $128,830.00 in connection with the breach.

23.     Visa allegedly imposed a fine of over $1 million in connection with the breach.

24.     In all, Rosen allegedly incurred economic loss of approximately $2.4 million.

25.     On or about December 29, 2016, Rosen first provided St. Paul written notification of the breach. The notification simply stated "Credit card systems breach. Loss dates range from Sept 2014 thru Feb 2016." It further instructed St. Paul to contact Rosen's insurance broker for additional information.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

26.    In a phone conversation shortly after St. Paul was notified, Rosen's broker advised that Rosen had received demands for damages from the credit card companies. It further advised that Rosen was seeking a coverage position letter.

27.    St. Paul provided a coverage denial to the insured on or about March 2,2017, stating that there was no coverage for Rosen's claim. It further invited Rosen to provide additional information that might bear on St. Paul's coverage obligations under the Policy.

28.    Rosen has provided no additional information to date.

29.    As set forth in its denial letter and as discussed herein, it is St. Paul's position that based on the information reviewed to date, there is no coverage for any of the claims asserted against Rosen.

30.    Finally, the data breach creates the potential for latent claims by individual victims of the data breach who may assert claims against Rosen, for which Rosen may request a defense. In the event that such claims are presented, this complaint may need to be amended to reflect such claims.

### COUNT I – DECLARATORY RELIEF (COVERAGE)

31.    Plaintiff St. Paul hereby incorporates by reference and restates paragraphs 1-29 as if fully stated herein.

32.    The costs incurred by Rosen to notify data subjects and regulatory agencies of the data breach (including the forensic investigation, attorneys fees, crisis management, and notification costs as outlined above), as well as the fines and penalties levied by Visa, MasterCard, and American Express, are not covered under the Policy because they do not result from bodily injury, property damage, personal injury, or advertising injury under the Policy.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

- 9 -

CASE NO.

33.     The fines and penalties levied by Visa, MasterCard, and American Express are not covered under the Policy because they are excluded under the Contract Liability exclusion and they do not constitute covered damages under the Policy.

34.     The remaining costs incurred by Rosen do not constitute covered damages under the Policy.

35.     Accordingly, St. Paul has neither a duty to defend Rosen with respect to the fines and penalties levied by Visa, MasterCard, and American Express, or any of the other costs incurred by Rosen, nor does it have a duty to indemnify Rosen for same.

36.     An actual, present, and justiciable controversy exists between Plaintiff St. Paul and Defendant Rosen warranting the entry of a declaratory judgment by this Court that the Policy does not provide coverage for the damages claimed.

WHEREFORE, Plaintiff ST. PAUL FIRE & MARINE INSURANCE COMPANY requests this Court to enter judgment in its favor, declaring that the Policy does not provide coverage for the claims arising from the subject alleged data breach and that St. Paul has no duty to defend or indemnify Rosen with respect to said losses. St. Paul further requests such other relief as the Court may deem just and appropriate under the circumstances.

Dated: March 24, 2017.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

Respectfully submitted,


/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:   (954) 377-8101

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100