**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ST. PAUL FIRE & MARINE INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.

ROSEN MILLENNIUM INC., d/b/a/ ROSEN
MILLENNIUM TECHNOLOGY, GROUP, a
Florida corporation,

    Defendant.

CASE NO. 6:17-CV-540-ORL-41-GJK

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
| --- | --- |
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | June 18, 2017 |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | Completed |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | July 18, 2017 |
| Disclosure of Expert Reports     Plaintiff:     Defendant: [Court recommends 1-2 months before discovery deadline to allow expert depositions] | January 15, 2018 February 15, 2018 |
| Discovery Deadline [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 15, 2018 |

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court requires 5 months or more before trial term begins] | April 30, 2018 |
| Meeting In Person to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | August 13, 2018 |
| Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before trial] | August 24, 2018 |
| All Other Motions Including Motions In Limine, Trial Briefs | July 14, 2018 |
| Trial Term Begins [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | October, 2018 |
| Estimated Length of Trial [trial days] | 4 days |
| Jury / Non-Jury | Jury |
| Mediation                    Deadline:<br>                              Mediator:<br>                              Address:<br><br><br><br>                              Telephone:<br>[Absent arbitration, mediation is mandatory; Court recommends either 2-3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators.] | March 30, 2018<br>Stephen C. Sawicki<br>20 North Orange Ave.<br>Suite 704<br>Orlando, FL 32801<br>(407) 843-1994 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No_X_<br><br>Likely to Agree in Future _____ |

**I.     Meeting of Parties in Person**     Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or

(c)(3)(A),[1] a meeting was held by telephone[2] on **May 18, 2017** (date) at **10:00 a.m.** (time) and was attended by:

| Name | Counsel for |
|---|---|
| Aaron M. Dmiszewicki | St. Paul Fire & Marine Insurance Company |
| Scott N. Godes | Rosen Millennium, Inc. |
| Carrie M. Raver | Rosen Millennium, Inc. |

**II.     Pre-Discovery Initial Disclosures of Core Information**
         **Fed. R. Civ. P. 26(a)(1)(A) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, prvoides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory disclosure requirements):

The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)
____ on _X_ by (check one) **June 18, 2017** (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III.    Electronic Discovery**

The parties have discussed issued relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;
_X_ One or more of the parties anticipate the disclosure of discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A. The form or forms in which ESI should be produced.

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

[2] A telephonic case management conference was approved by court order on May 2, 2017 [D.E. 12].

[3] See Generally: Rules Advisory Committee Notes to the 2006 Amendments tro Rule 26(f) and Rule 16.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each.

*None at this time.*
_____
_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

___All parties agree that at hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

### IV. Agreed Discovery Plan for Plaintiffs and Defendants

#### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motions—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

____ No        Amended Certificate will be filed by _____(party)

on or before _____(date).

#### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03(f). The parties further agree as follows:

*None at this time.*

### C.     Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.     Depositions

*None at this time.*

2.     Interrogatories

*None at this time.*

3.     Document Requests

*None at this time.*

      4.        Requests to Admit

*None at this time.*

      5.        Supplementation of Discovery

*None at this time.*

**D.**      **Discovery Deadlines**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

*None at this time.*

**E.**      **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following matters pertaining to the disclosure of expert testimony:

*The parties agree that this case requires the Court to interpret the language of an insurance contract. The parties agree that interpretation of an insurance contract is a pure question of law. Accordingly, the parties agree that they will not rely upon any expert testimony purporting to instruct the Court as to how the policy should be interpreted, but the parties do not waive the right to propose experts regarding insurance industry custom and practice.*

*The parties retain the right to rely on expert testimony that is otherwise called for in the prosecution or defense of this case, subject to objections by the opposing party.*

### F.    Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. That motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each

confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties have agreed as follows:

*The parties recognize that this matter may involve the disclosure of potentially sensitive material relating to the security breach, and will collaborate in order to ensure that such information is properly redacted and protected prior to filing in the public record.*

*The parties further agree that this matter may involve the disclosure of commercially sensitive and/or proprietary information that they desire to be treated as confidential. The parties will address such concerns as they arise and do not anticipate the need for court intervention on such matters.*

    G.    **Other Matters Regarding Discovery**

*None at this time.*

**V.**    **Settlement and Alternative Dispute Resolution**

    A.    **Settlement**

The parties agree that settlement is

____ likely   __X__ unlikely        (check one)

The parties request a settlement conference before a United States Magistrate Judge.

___ yes   _X_ no   ___ likely to request in future

**B.     Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

___ yes   _X_ no   ___ likely to request in future

___ Binding           ___ Non-Binding

**C.     Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.     Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

*None at this time.*

Date:  May 23, 2017

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| /s/ Scott N. Godes | /s/ Rory Eric Jurman |
|---|---|
| Scott N. Godes, Esq. | Rory Eric Jurman |
| *Pro Hac Vice Admission Pending* | Fla. Bar No. 194646 |
| scott.godes@btlaw.com | Email: rjurman@fowler-white.com |

BARNES & THORNBURG LLP
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, DC 20006
Telephone:   (202) 289-1313
Facsimile:      (202) 289-1330
***Counsel for Defendant***

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:      (954) 377-8101
***Counsel for Plaintiff***

/s/ Carrie M. Raver
Carrie M. Raver, Esq.
*Pro Hac Vice Application to be Submitted*
carrie.raver@btlaw.com

BARNES & THORNBURG LLP
888 South Harrison Street
Suite 600
Fort Wayne, IN 46802
Telephone:   (260) 425-4652
Facsimile:      (260) 424-8316
***Counsel for Defendant***