UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ST. PAUL FIRE & MARINE INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.

ROSEN MILLENNIUM INC., d/b/a/ ROSEN
MILLENNIUM TECHNOLOGY, GROUP, a
Florida corporation,

    Defendant.

CASE NO. 6:17-CV-540-ORL-41-GJK

## MOTION TO DISMISS COUNTERCLAIM

Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul"), by and through its undersigned counsel, files this Motion to Dismiss the Counterclaim filed by Defendant ROSEN MILLENNIUM INC. d/b/a ROSEN MILLENNIUM TECHNOLOGY GROUP ("Rosen"), and in support thereof states as follows:

### BACKGROUND

1. On March 27, 2017, St. Paul filed its complaint for declaratory relief, seeking a declaration that it has no duty to defend or indemnify Rosen with respect to a breach of Rosen's payment card systems. Rosen filed its answer, affirmative defenses, and counterclaim on June 16, 2017 [D.E. 21].

2. St. Paul's complaint alleges one claim—for declaratory relief—against Rosen. This count requests a declaration both with respect to the duty to defend and the duty to indemnify.

3. Rosen's counterclaim pleads two counts against St. Paul, both for declaratory judgment. Count I seeks a declaration regarding the duty to defend; Count II seeks a declaration regarding the duty to indemnify.

4. The counts for declaratory relief are redundant and inappropriate and regard issues that are already properly before this Court by virtue of St. Paul's complaint. The counterclaim simply requests the mirror image of the complaint.

5. Permitting Rosen's counterclaim for declaratory relief would needlessly multiply the pleadings in this matter since the issues raised in the counterclaim have already been raised in the Complaint. This is particularly the case where, as here, the counterclaim asserts the same issues raised in Rosen's affirmative defenses.

6. Accordingly, this Court should dismiss Rosen's counterclaim and provide any other relief which this Court may deem just and proper.

## MEMORANDUM OF LAW

### A. Motion to Dismiss Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

"A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005). The Federal Rules of Civil Procedure require a complainant to sufficiently allege facts that, when taken as true, support the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79. The complainant cannot rely on "an unadorned, the-defendant-harmed-me accusation," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678. Naked assertions devoid of "further factual enhancement" also will not suffice. *Twombly*, 550 U.S. at 555. Rather, the claimant must assert the factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* at 554.

    **B.    The Counterclaim Should Be Dismissed Because The Relief It Seeks Is Redundant.**

Rosen's claims for declaratory relief are nothing more than a reiteration of its own affirmative defenses, raised in the same pleading. The overall thrust of the counterclaim is that

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

the St. Paul policy provides coverage for losses arising out of the data breach. Meanwhile, Rosen's fourth affirmative defense is that "The Complaint is barred in whole or in part by the terms and conditions of the policy at issue." The arguments raised in the counterclaim regarding St. Paul's relationship with the Florida Insurance Commissioner are likewise raised in Rosen's eighth and ninth affirmative defenses. Since these declaratory judgment actions mirror relief that is contained in affirmative defenses, the counterclaim is redundant and unnecessary.[1]

When the declaratory relief sought is redundant in light of the claims raised in the complaint and/or Affirmative Defenses, federal courts favor dismissal of declaratory judgment counterclaims. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) ("Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims."); *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) ("A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses."). "If a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed to the merits before dismissing the complaint." *Medmarc*, 783 F. Supp. 2d at 1216.

In *FairWarning IP, LLC v. CynergisTek, Inc.*, No. 8:15-CV-100-T-23AEP, 2015 WL 5430355, at *2 (M.D. Fla. Sept. 14, 2015), this District explained that "[b]ecause the counterclaims duplicate [defendant's] fourth and fifth affirmative defenses, the requests for a declaratory judgment will not serve a useful purpose." This reasoning has frequently been

---

[1] Specific arguments on the affirmative defenses will be set forth in a motion to strike affirmative defenses, which will be filed should the parties be unable to resolve such issues without court intervention.

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

adopted by federal courts both in Florida and nationwide. *See, e.g.*, *United States ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-22536-CIV, 2014 WL 186125, at *5 (S.D. Fla. Jan. 16, 2014) ("Because the resolution of [the plaintiff's] claims and [the defendant's] defenses thereto would resolve the questions raised in [the defendant's] counterclaim, the Court finds that the counterclaim for declaratory judgment serves no useful purpose."); *Dantzler, Inc. v. Hubert Moore Lumber Co., Inc.*, No. 7:13-CV-56 (HL), 2013 WL 5406440, at *2 (M.D. Ga. Sept. 25, 2013) ("[C]ourts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses."); *Monster Daddy LLC v. Monster Cable Prods., Inc.*, No. 6:10-1170-HMH, 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2010) (striking counterclaim seeking declaration that it was not infringing trademark, because the counterclaim "raise[d] the same legal issues that are already before the court"); *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006) ("District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses."); *Emma, Inc. v. Microstrategy, Inc.*, No. 3-11-0926, 2012 WL 90405, at *1 (M.D. Tenn. Jan. 11, 2012) (dismissing counterclaim where defendant sought declaratory judgment that it was not infringing a trademark, as redundant of trademark infringement claim alleged in complaint). By comparing Rosen's counterclaim and affirmative defenses, it can be readily determined that they are duplicative and thus subject to dismissal.

Further, "[w]hen deciding whether to dismiss a counterclaim on the basis that it is redundant, courts consider whether a declaratory judgment serves a useful purpose." *Medmarc*, 783 F. Supp. 2d at 1216 (internal citations omitted). In determining the usefulness of a claim,

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

courts may consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 WL 4543796, at *2 (S.D. Fla. Aug. 27, 2013). Here, there is no plausible scenario under which resolution of St. Paul's claim, in light of Rosen's affirmative defenses, could leave unresolved questions regarding the counterclaim. For example, should the Court determine there is no duty to defend (and therefore no duty to indemnify), both counts of the counterclaim, as well as Rosen's fourth affirmative defense, would fail in unison. Simply stated, in light of St. Paul's complaint and Rosen's affirmative defenses, Rosen's counterclaim serves no useful purpose.

## **CONCLUSION**

As explained above, Rosen's counterclaim for declaratory relief is nothing more than a reiteration of the affirmative defenses it already pleaded, and thus it is subject to dismissal under the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY, respectfully requests that the Court enter an Order dismissing Rosen's counterclaim and granting any further relief the Court deems just and appropriate.

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/ Aaron M. Dmiszewicki
                                            Aaron M. Dmiszewicki

                                            Respectfully submitted,

                                            /s/ Rory Eric Jurman
                                            Rory Eric Jurman
                                            Fla. Bar No. 194646
                                            Email: rjurman@fowler-white.com

                                            Aaron M. Dmiszewicki
                                            Fla. Bar No. 111455
                                            Email: admiszewicki@fowler-white.com

                                            FOWLER WHITE BURNETT, P.A.
                                            One Financial Plaza, Suite 2100
                                            100 Southeast Third Avenue
                                            Fort Lauderdale, Florida 33394
                                            Telephone:   (954) 377-8100
                                            Facsimile:    (954) 377-8101

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

## SERVICE LIST

CASE NO. 6:17-CV-540-ORL-41-GJK

Scott N. Godes, Esq.
Carrie M. Raver, Esq.
John F. Meyers, Esq.
Barnes & Thornburg LLP
1717 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20006-4623
E-Mail: scott.godes@btlaw.com;
Carrie.Raver@btlaw.com;
John.Meyers@btlaw.com
Telephone: (202) 408-6928
Facsimile: (202) 289-1330

*Attorneys for Rosen Millennium Inc.*

Darryl R. Richards, Esq.
Johnson, Pope, Bokor, Ruppel & Burns, LLP
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
E-Mail: darrylr@jpfirm.com;
gwenb@jpfirm.com
Telephone: (813) 225-2500
Facsimile: (813) 223-7118

*Attorney for Rosen Millennium Inc.*

4851-6905-0699, v. 2

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100