UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ST. PAUL FIRE & MARINE INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.

ROSEN MILLENNIUM INC., d/b/a/ ROSEN
MILLENNIUM TECHNOLOGY GROUP, a
Florida corporation, and ROSEN HOTELS &
RESORTS, INC., a Florida corporation,

    Defendants.

CASE NO. 6:17-CV-540-ORL-41-GJK

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
STAYING DISCOVERY PENDING COURT'S RULING ON
DEFENDANTS' MOTION FOR PARTIAL JUDGMENT REGARDING
THE DUTY TO DEFEND, AND SUPPORTING MEMORANDUM OF LAW**

Defendants, Rosen Millennium, Inc. d/b/a Rosen Millennium Technology Group ("Millennium") and Rosen Hotels & Resorts, Inc. ("Hotels & Resorts") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 26(c), hereby respectfully move the Court to enter a protective order staying discovery and providing that Defendants do not need to respond to any of Plaintiffs' discovery requests (including 48 requests for production, 35 interrogatories, and 56 requests for admission) that Plaintiff, St. Paul Fire & Marine Insurance Company ("Travelers"), recently propounded. The only issue that is and can be before the Court at this time is whether Travelers has a duty to defend, an issue that does not require discovery. Thus, Travelers' discovery requests, and any potential requests that Defendants could make, are unrelated to the pivotal issue of whether Travelers has a duty to defend the claim asserted by Hotels & Resorts against Millennium (the "Claim"), an issue presently pending before the Court

in Defendants' fully-briefed dispositive motion for partial judgment on the pleadings regarding the duty to defend.[1]

## MOTION

1. The genesis of this lawsuit is whether insurance policies provide coverage for losses resulting from a data breach and losses resulting from the data breach. [Dkt. 32 ¶¶ 17, 18 (Am. Compl.).]

2. While Millennium allegedly was responsible for providing cybersecurity and support for the systems that Hotels & Resorts uses, there were separate cyberattacks on Hotel & Resorts' data network, resulting in exposure of payment card numbers belonging to Hotels & Resorts' customers. [Dkt. 37 ¶ 17 (Ans.).]

3. The investigator alleged that separate pieces of malware were present on Hotels & Resorts' network between the time periods of September 2, 2014 to September 16, 2015; September 25, 2015 to February 10, 2016; and February 11, 2016 to February 18, 2016. [Dkt. 32 ¶¶ 21-22; dkt. 37 ¶ 21.]

4. As a result of the cyberattacks, Hotels & Resorts: (a) incurred forensic investigator costs of at least $150,000; (b) sent out notification letters to potentially affected customers, and incurred "at least $50,000 in attorneys' fees, $14,000 in fees to a crisis management firm, and $14,000 in costs for the notifications themselves"; and (c) is liable for assessments from certain card brands for fraudulent charges and card replacement costs owed to MasterCard and American Express. [Dkt. 32 at ¶¶ 20; 23-24; Dkt. 32-3 at 2 (Travelers denial

---

[1] Travelers cannot obtain a ruling regarding its duty to indemnify (that is, cover any verdict or settlement made) at this time because the Claim remains pending. The duty to indemnify "must be measured by the facts adduced at trial or developed through discovery taken during the underlying tort action." *Orlando Nightclub Enters., Inc. v. James River Ins. Co.*, No. 6:07-cv-1121-orl-19KRS, 2007 WL 4247875, at *9 (M.D. Fla. Nov. 30, 2007) (quoting *Travelers Indem. Co. v. Royal Oaks Enters., Inc.,* 344 F. Supp. 2d 1358, 1366 (M.D. Fla. 2004)). The duty to indemnify "'is dependent on the outcome of a case," such that "any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim.'" *Id.* (quoting *Northland Cas. Co. v. HBE Corp.,* 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)).

letter); Dkt. 37 ¶ 25 (Ans.); *see also* Dkt. 1 ¶ 14-15 (original complaint alleging unauthorized charges resulted from cyberattack).]

5. Having paid these amounts due to the three separate cyberattacks, Hotels & Resorts has alleged within the Claim specifically that Millennium was at fault for the cyberattacks taking place and that Millennium was the party that made known private information to third parties that violated a credit card holder's right of privacy: "[a]s you are aware, Rosen Hotels and Resorts, Inc. (RHR) became aware of a data breach in March of 2016, in which Millennium Technology Group, Inc. (MTG) made private information known to third parties that violated a credit card holder's right of privacy." [Dkt. 32-4 (Am. Compl. Ex. D).]

6. Hotels & Resorts alleges that it has "incurred damages thus far in the amount of $1,402,970 and anticipates significant additional damages" and "demands MGM [*sic*] to immediately pay to RHR damages relating to the data breach in the amount of $1,402,970 plus any additional damages which will be incurred." *Id.*

7. Millennium has asked Travelers to defend Millennium against the Claim. [Dkt. 32 at ¶ 3.] Travelers has denied that it even has a duty to defend the Claim. [*Id.* at ¶ 49.]

8. On March 27, 2017, Travelers filed a Complaint seeking a declaratory judgment that it did not owe a duty to defend or indemnify Millennium with respect to the Claim pursuant to the 2014-2015 CGL Policy. *See* [Dkt. 1: Compl.]

9. On July 28, 2017, Travelers filed an Amended Complaint seeking a declaratory judgment that it did not owe a duty to defend or indemnify Millennium with respect to the Claim pursuant to the 2014-2015 CGL Policy and the 2015-2016 CGL Policy. *See* [Dkt. 32: Am. Compl.]

10. On September 7, 2017, Defendants filed a motion for partial judgment on the pleadings regarding the duty to defend arguing that judgment on the pleadings is appropriate. The motion asserts that under Florida law, Travelers has a duty to defend the Claim because the allegations fall within personal injury and property damage coverages in the subject insurance policies, and Travelers cannot establish that an exclusion eliminates the possibility of coverage. *See* [Dkt. 38: Mot. at 10-22.]

11. On October 12, 2017, Travelers filed a response in opposition to Defendants' motion for partial judgment on the pleadings regarding the duty to defend. *See* [Dkt. 46: Opp.]

12. Defendants have not served any discovery in this action.

13. Despite the fact that Defendants' motion for partial judgment on the pleadings regarding the duty to defend is fully briefed and pending before the Court, Travelers recently propounded upon Defendants separate sets of requests for production, interrogatories, and requests for admission, none of which is directed at discovering facts relevant to the issue of whether Travelers owes a duty to defend Millennium in connection with the Claim. *See* Group Ex. A (Requests for Production; Interrogatories; Requests for Admission (12/01/17)).

14. Instead, Travelers seeks documents and information relating to the *merits* of the insurance dispute between the parties, including, but not limited to:

- Whether and which party published any private information to third parties in conjunction with the data breach that is the subject of this lawsuit.

- Copies and/or records of conversations or meetings of the Hotels & Resorts' directors that pertain to the subject claim or demand letter, including but not limited to the minutes of such meetings.

- Any and all documents related to the forensic investigation of the data intrusion, the windows of breach that resulted from the data intrusion, the alleged malware found on Hotels & Resorts' servers; and the assessments

    imposed by Mastercard, American Express, Visa, or any other credit card issuer.

  •  Any and all documents generated by Hotels & Resorts in response to the data breach that is the subject of this lawsuit.

*See* Group Ex. A.

  15. Defendants' responses to the discovery requests are due to be served on or before January 2, 2018.

  16. This Court has discretion under Federal Rule of Civil Procedure 26(c) to stay discovery in this case, until such time as it rules on Defendants' pending case dispositive motion for partial judgment on the pleadings regarding the duty to defend.

## **MEMORANDUM OF LAW**

### I. THE STANDARD FOR A MOTION TO STAY DISCOVERY

  The Federal Rules of Civil Procedure provide, in pertinent part, that upon motion by a party, the Court may make any order which justice requires, including that the discovery not be had. *See* Fed. R. Civ. P. 26(c). The Federal Rules of Civil Procedure also empower courts to impose a stay of discovery upon a showing of good cause. *See id.* The Eleventh Circuit recognizes that "[m]atters pertaining to discovery are committed to the sound discretion of the district court" and subject to review only for "abuse of discretion." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming district court decision to stay discovery pending the outcome of the defendant's motion to dismiss or for summary judgment) (citation omitted)).

  The Eleventh Circuit has granted motions staying discovery where, as here, factual discovery served by a party would not adduce evidence relevant to issues raised in pending motions to dismiss or for summary judgment. *See id.* Courts in this District also have granted

5

motions to stay discovery in similar circumstances, *See, e.g.*, *Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, No. 8:14-cv-774-T-35MAP, 2014 WL 12621558, at *2 (M.D. Fla. Sept. 9, 2014); *Rutland Guttering, Inc. v. Amerisure Mut. Ins. Co.*, No. 6:14-cv-117-ORL-22GJK, 2014 WL 12617789, at *3 (M.D. Fla. Aug. 14, 2014) (J. Kelly); *Abercrombie & Fitch Stores, Inc. v. Texas Fixture Installers*, No. 3:09-cv-860-J-TEM, 2010 WL 2465185, at *2 (M.D. Fla. June 9, 2010); *McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. 2006); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).[2]

In insurance coverage lawsuits, courts in this District have stayed discovery during the pendency of motions to dismiss insurers' declaratory judgment actions, when the motions to dismiss have alleged that the duty to indemnify is not ripe, seeing that the insured has not been held liable in the underlying dispute. For example, *Mid-Continent Casualty Co. v. G.R. Construction Management, Inc.*, No. 2:17-cv-55-FtM-38CM, 2017 WL 3394231, at *1 (M.D. Fla. Aug. 8, 2017) is instructive. In that case, an insurer, Mid-Continent, filed an amended complaint against its insureds seeking declaratory relief regarding the duty to indemnify the insureds in connection with an on-going underlying suit where Mid-Continent had agreed to defend the insureds. *See id.* The insureds filed a motion to dismiss and a stay of discovery pending the resolution of their motion to dismiss. *See id.* at *2. The Court ordered discovery stayed pending its resolution of the insureds' motion to dismiss, because the motion to dismiss was likely "meritorious" as the duty to indemnify is not "'ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action.'" *Id.* (citation omitted). The Court also held that the insurer "will suffer little harm from not engaging

---

[2] Courts in this District also order stays of discovery seeking arguably privileged documents and information pending rulings on objections to orders compelling the production of such documents and information. *See Fox Haven of Foxfire Condominium Ass'n, Inc. v. Nationwide Mutual Fire Ins. Co.*, No. 2:13-cv-399-FtM-29CM, 2014 WL 12617961, at **1-2 (M.D. Fla. Nov. 20, 2014); *Kearney Partners Fund, LLC v. USA*, No. 2:10-cv-153-FtM-99SPC, 2013 WL 557187, at **1-2 (M.D. Fla. Feb. 14, 2013).

discovery before judicial resolution of the motion to dismiss" because, like here, the "case is still in its early stage" and the "parties have ample opportunity and time to engage in discovery even if this case is stayed . . . ." *Id.*[3]

That law is consistent with the principle that "good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'" *Lockheed Martin*, 216 F.R.D. at 692 (citing Eleventh Circuit, Middle District of Florida, Southern District of New York, and Middle District of North Carolina cases in support of same).

## II.     A STAY OF DISCOVERY DURING THE PENDENCY OF THE DISPOSITIVE MOTION IS APPROPRIATE HERE

Good cause exists for staying discovery in this case because no additional discovery is needed to resolve the central issue raised in the motion for judgment on the pleadings: whether Travelers has a duty to defend the Claim.  Under Florida law, the duty to defend turns on the allegations made by the claimant against the policyholder only; actual facts that could be shown by discovery are not relevant to whether the insurance carrier has a duty to defend.  Specifically, the duty to defend is determined based on the allegations of the claim, even if "the actual facts are inconsistent with the allegations in the" claim.  *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005) (citations and quotations omitted).  An insurance company has a duty to defend "when the complaint alleges facts that fairly and potentially bring the suit within policy coverage."  *Id.* at 442-43 (citations omitted).  When a claim against a policyholder brings the insurance carrier "within the rubric of what [the insurance carrier] would have to defend, regardless of the outcome of the [underlying] case," the insurance carrier must defend.  *Gov't*

---

[3] The Court in *Mid-Continent* later granted the insureds' motion to dismiss, finding that the duty to indemnify was not ripe for adjudication before the "underlying state court action is concluded." *Mid-Continent Cas. Co. v. G.R. Construction Mgmt., Inc.*, No. 2:17-cv-55-FtM-38CM, 2017 WL 4423501, at **2-3 (M.D. Fla. Oct. 5, 2017).

7

*Emps. Ins. Co. v. Sellers*, 667 F. Supp. 850, 852 (S.D. Fla. 1987). Therefore, the only relevant materials now are the Claim and the insurance policies.

When considering a motion to stay discovery when dispositive motions are pending, this Court has noted that it may be "helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions" to see if the pending motions would be dispositive. *Lockheed Martin*, 216 F.R.D. at 692. Here, the pending motion for judgment on the pleadings asks the Court to rule that Travelers has a duty to defend and that the duty to defend turns on the allegations made against Millennium, and nothing else. [*See* Dkt. 38: Mot. at 10-22.] Travelers admitted in its opposition brief that the duty to defend is established by the "eight corners rule," whereby courts consider the duty to defend under the four corners of the claim against the policyholder and the four corners of the insurance policy. [Dkt. 46 at 4.][4]

The four corners of the Claim allege that "Rosen Hotels and Resorts, Inc. (RHR) became aware of a data breach in March of 2016, in which Millennium Technology Group, Inc. (MTG) made private information known to third parties that violated a credit card holder's right of privacy." [Dkt. 32-4 (Am. Compl. Ex. D).] The Claim further alleges that Hotels and Resorts has "incurred damages thus far in the amount of $1,402,970 and anticipates significant additional damages" and "demands MGM [*sic*] to immediately pay to RHR damages relating to the data breach in the amount of $1,402,970 plus any additional damages which will be incurred." *Id.*

The four corners of the insurance policies contain, among other coverage parts, a Commercial General Liability Coverage Form that provides coverage for damages for "personal

---

[4] Travelers did suggest that the Court also should look to whether other insurance policies could provide coverage for the Claim as well. [*See* Dkt. 46 at 5.] But other insurance policies are irrelevant, as "courts have found that existence of other coverage alone does not 'win the day for [the insurer] if the [contested policy] could be construed to cover the same risks.'" *Capitol Enviro. Servs., Inc. v. N. River Ins. Co.*, 536 F. Supp. 2d 633, 644 (E.D. Va. 2008) (quoting *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.*, 126 F.3d 886, 893 (7th Cir.1997)). "Put differently, an insurer may not point to another policy to try to make its own ambiguous policy language clearer." *Id.*

injury," a defined term that includes: ". . . • Making known to any person or organization covered material that violates a person's right of privacy." *See* [Dkt. 32-1 at 77 of 168; dkt. 32-2 at 77 of 161.] The insurance policies define "covered material" as "any material in any form of expression, including material made known in or with any electronic means of communication, such as the Internet." *Id.* The subject insurance policies also provide coverage for damages for "property damage," a defined term, meaning: "physical damage to tangible property of others, including all resulting loss of use of that property or • loss of use of tangible property of others that isn't physically damaged." [Dkt. 32-1 at 1, 76 of 168; dkt. 32-2 at 76 of 161.]

The insurance policies require Travelers to defend against a "claim or suit" for "injury or damage," even when the claim or suit is "groundless, false or fraudulent." [Dkt. 32-1 at 78 of 168; dkt. 32-2 at 78 of 161.] Both insurance policies define "a claim" as "a demand that seeks damages." [Dkt. 32-1 at 78 of 168; 32-2 at 78 of 161.]

The parties have asked the Court, therefore, to determine whether the Claim is "a demand that seeks damages" and whether it alleges that Millennium "ma[de] known to any person or organization covered material that violates a person's right of privacy." If the Claim does meet those requirements, then Travelers has a duty to defend, even if the Claim is groundless, false, or fraudulent. [Dkt. 32-1 at 78 of 168; dkt. 32-2 at 78 of 161.] That determination can be made based on the eight corners of the Claim and the insurance policies, making a stay of discovery appropriate.

Moreover, Defendants' request to stay all discovery pending the Court's resolution of Defendants' pending motion for partial judgment on the pleadings regarding the duty to defend allows the parties (particularly Defendants, who are currently tasked with answering 48 requests for production, 35 interrogatories, and 56 requests for admission) to avoid expensive and

possibly unnecessary discovery while a case-dispositive motion for judgment on the pleadings pends before the Court. All, or at a minimum, the vast majority, of the discovery relates to the duty to indemnify and the merits of the Claim. *See* Motion at ¶ 14, *supra*. Further, Defendants anticipate that the parties are likely to become embroiled in protracted discovery disputes regarding the scope of the discovery requests, which pertain solely to merits-based issues.

To the extent that the discovery requests seek privileged and work product information and documents, the disputes will consume considerable resources and result in motions to compel and for protective orders that will require the Court's time and attention as well. Because Travelers has denied coverage in connection with the Claim, the Defendants anticipate that third parties would assert that there is no common legal interest between Travelers and Defendants, and that if Defendants provide privileged and work product material to Travelers, they will have waived privilege and work product protections as to third parties. To the extent that Travelers' discovery requests seek privileged information and documents, Travelers is improperly invading Defendants' privileges, and discovery should be stayed on that basis. *See Fox Haven of Foxfire Condominium Ass'n, Inc.*, 2014 WL 12617961, at **1-2; *Kearney Partners Fund, LLC*, 2013 WL 557187, at **1-2.

Given that Defendants have moved for partial judgment on the pleadings regarding the duty to defend, a stay of discovery would be judicious while the core question of coverage is being resolved. Thus, the Court should exercise its discretion to enter a Protective Order providing that all discovery in this action be stayed pending a ruling on Defendants' motion for partial judgment on the pleadings regarding the duty to defend.

## **CONCLUSION**

Accordingly, Defendants respectfully request that the Court grant their motion for a protective order staying discovery pending the Court's resolution of Defendants' pending motion for partial judgment on the pleadings regarding the duty to defend and order that Defendants do not need to respond to any of the discovery requests (requests for production, interrogatories, and requests for admission) served by Travelers until this Court rules on Defendants' pending motion for partial judgment on the pleadings regarding the duty to defend.

Dated:  December 19, 2017

Respectfully submitted,

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

By:  /s/ *Darryl R. Richards*
**DARRYL R. RICHARDS, ESQ.**
Florida Bar No. 348929
SunTrust Financial Centre
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
(813) 225-2500 (Telephone)
(813) 223-7118 (Facsimile)
darrylr@jpfirm.com (Primary Email)
gwenb@jpfirm.com (Secondary Email)
*Attorneys for Defendants, Rosen Millennium Inc., d/b/a/ Rosen Millennium Technology Group and Rosen Hotels & Resorts, Inc.*

Of Counsel:

BARNES & THORNBURG LLP

| | |
|---|---|
| Scott N. Godes (*pro hac vice*) | Carrie M. Raver (*pro hac vice*) |
| 1717 Pennsylvania Avenue, N.W., Suite 500 | 888 S. Harrison Street, Suite 600 |
| Washington, DC  20006 | Fort Wayne, IN  46802 |
| (202) 289-1313 | (260) 425-4652 |
| (202) 289-1330 FAX | (260) 424-8316 FAX |
| Scott.Godes@btlaw.com | Carrie.Raver@btlaw.com |

**CERTIFICATE OF COMPLIANCE WITH RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), co-counsel for Defendants, Scott N. Godes and Carrie M. Raver, conferred with Travelers' counsel, Aaron M. Dmiszewicki, via telephone on December 12, 2017, who does not agree with the relief requested in this motion.

/s/ *Darryl R. Richards*
Darryl R. Richards, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system this 19th day of December, 2017, which will send a notice of electronic filing to:

RORY E. JURMAN, ESQ.
AARON M. DMISZEWICKI, ESQ.
Fowler White Burnett, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, FL 33394-0002
rjurman@fowler-white.com
admiszewicki@fowler-white.com
*Attorneys for Plaintiff*

/s/ *Darryl R. Richards*
DARRYL R. RICHARDS, ESQ.
Florida Bar No. 348929
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
*Attorneys for Defendants*