UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ST. PAUL FIRE & MARINE INSURANCE
COMPANY, a foreign corporation,

      Plaintiff,

v.

ROSEN MILLENNIUM INC., d/b/a/ ROSEN
MILLENNIUM TECHNOLOGY, GROUP, a
Florida corporation, and ROSEN HOTELS &
RESORTS, INC., a Florida corporation,

      Defendants.

CASE NO. 6:17-CV-540-ORL-41-GJK

## RESPONSE TO MOTION TO STAY DEADLINES

Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul"), by and through undersigned counsel, hereby files this Response to the Defendants' Motion for Protective Order Staying Discovery Pending Court's Ruling on Defendants' Motion for Partial Judgment Regarding the Duty to Defend (the "Motion") [D.E. 53], and states:

The Defendants correctly point out that the core of this lawsuit involves whether certain insurance policies issued by St. Paul to Rosen Millennium, Inc. ("Millennium") provide coverage for losses resulting from a data breach. However, the Defendants gloss over certain facts that predate the filing of this lawsuit that render the continued delay of the resolution of this claim both unfair and prejudicial.

Defendant Rosen Hotels & Resorts, Inc. (the "Hotel") first began receiving reports pertaining to patterns of unauthorized charges on customer cards on or about February 3, 2016. The Hotel immediately retained forensic investigators to determine the source of the leak. Those

investigators discovered malware on the Hotel's payment network. After the Hotel allegedly incurring substantial costs related to the breach, **Millennium** (the actual insured under the St. Paul policy) first notified St. Paul of the breach on or about December 29, 2016. The bare-bones notification simply stated "Credit card systems breach. Loss dates range from Sept 2014 thru Feb 2016." It further instructed St. Paul to contact Millennium's insurance broker for additional information.

In that subsequent call between St. Paul and Millennium's broker, which took place on or about January 9, 2017, Millennium's broker advised that it was seeking a coverage position letter. St. Paul declined to issue such a letter on the grounds that it did not yet have adequate information about the claim. The broker indicated that Millennium had received a demand for damages, but did not produce it.[1] On January 11, 2017, the broker responded with an approximation of the alleged damages, and contact information for Millennium, but did not include the actual demand. Having not received any further information from Millennium, on March 2, 2017, St. Paul denied coverage based on the limited information received to that point.

Millennium has been less than forthcoming about the nature of the alleged claims against it. For example, in paragraph 4 of the Motion, the Defendants make reference to the description of the types of losses allegedly incurred, and cites to the aforementioned St. Paul denial letter in support of that. This ignores the fact that the denial letter was based on unsubstantiated representations made by Millennium itself. In fact, to this day, neither Millennium or the Hotel have **ever** provided any backup to support this claim. Furthermore, St. Paul has disputed whether

---

[1] There is a question as to whether that demand was related to the demand from the Hotel to Millennium that was subsequently provided, and was dated June 5, 2017. That was the first and only demand that was ever provided, and it far post-dates the above-referenced conversation.

the only "claim" received to date—the June 5, 2017 letter from the Hotel—is a "claim" within the meaning of the policy at all.

Nonetheless, even if this Court were to agree that the June 5 letter constituted a "claim" and that the St. Paul policy covers a data breach caused by a third-party hacker—which for the reasons set forth in St. Paul's Response to the Defendants' Motion for Judgement on the Pleadings [D.E. 46] and Notices of Supplemental Authority [D.E. 51 and 52] it should not—St. Paul will still **eventually** need to know the facts and circumstances surrounding the breach to properly mount a defense of its insured and to evaluate its indemnity obligations, if any. Again, it bears repeating that neither the Hotel nor Millennium have **ever** provided this information to St. Paul in more than a cursory, summary form.

To that end, a stay of discovery in this matter will not obviate the need for it in the long run. Far from "judicious", staying discovery will serve only to further deny St. Paul the information it needs to properly adjust this claim—information that it has been seeking for nearly a year. In order for St. Paul to defend Millennium—if such a defense is owed—it will need to uncover the information it seeks in discovery, now.

## **MEMORANDUM OF LAW**

Courts have both broad inherent authority, as well as authority pursuant to Fed. R. Civ. P. 26(c), to stay discovery until preliminary issues can be settled which may be dispositive of some aspects of the case. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). However, the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Such requests are rarely appropriate unless the resolution of the motion will dispose of the **entire** case. *Id.* "In deciding whether to stay discovery pursuant to a

pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *Feldman*, 176 F.R.D. at 652).

First, by its own title, the Defendants' Motion for Judgment on the Pleadings is only **partial**. Thus, even if it were to be resolved in the Defendants' favor, it would by definition not dispose of the entire case. Motions to stay discovery are "rarely appropriate" under such circumstances. *McCabe*, 233 F.R.D. at 685. For this reason alone, the Motion should be denied.

Furthermore, as discussed above, the Defendants have failed to show good cause and reasonableness for staying discovery. As outlined above, irrespective of the ultimate resolution of the motion for judgment on the pleadings, St. Paul will eventually be entitled to the information it now seeks in discovery, and has in fact been entitled to such information since prior to suit even being filed.[2]

Lastly, if the Court is nonetheless inclined to stay discovery pending the resolution of the motion for partial judgment on the pleadings, St. Paul submits that the **entire** scheduling order should be stayed, and that the Court should issue a new scheduling order once the motion has been decided. The Court's current scheduling order has a discovery cutoff of March 15, 2018, with a dispositive motion deadline of April 30, 2018. Although these deadlines are still some time away, if discovery disputes arise, it may be impossible to adjudicate them and prepare dispositive motions by the applicable deadline. Staying only the Defendants' obligations to *respond* to discovery, without also staying the parties' obligations under the scheduling order,

---

[2] To the extent the Court finds that the Defendants' concerns as to privilege have merit, St. Paul is willing to work with the Defendants to draft a mutually agreeable confidentiality agreement.

puts the parties in an impossible position where they can neither conduct discovery nor comply with their other obligations under the scheduling order.

WHEREFORE, St. Paul Fire & Marine Insurance Company respectfully requests that the Court deny the Defendants' Motion and grant any further relief the Court deems just and appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Aaron M. Dmiszewicki
Aaron M. Dmiszewicki

Respectfully submitted,

/s/ Aaron M. Dmiszewicki
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101

**SERVICE LIST**

CASE NO. 6:17-CV-540-ORL-41-GJK

Scott N. Godes, Esq.
Barnes & Thornburg LLP
1717 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20006-4623
E-Mail: scott.godes@btlaw.com;
Carrie.Raver@btlaw.com
Telephone: (202) 408-6928
Facsimile: (202) 289-1330
Attorney for Rosen Millennium Inc.

Darryl R. Richards, Esq.
Johnson, Pope, Bokor, Ruppel & Burns, LLP
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
E-Mail: darrylr@jpfirm.com;
gwenb@jpfirm.com
Telephone: (813) 225-2500
Facsimile: (813) 223-7118
Attorney for Rosen Millennium Inc.

4826-3343-5225, v. 1