UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ST. PAUL FIRE & MARINE INSURANCE COMPANY, a foreign corporation,

Plaintiff,

v.

ROSEN MILLENNIUM INC., d/b/a/ ROSEN MILLENNIUM TECHNOLOGY, GROUP, a Florida corporation, and ROSEN HOTELS & RESORTS, INC., a Florida corporation,

Defendants.

CASE NO. 6:17-CV-540-ORL-41-GJK

**ST. PAUL'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY ("St. Paul"), by and through undersigned counsel, hereby files this Reply in Support of its Motion for Summary Judgment, and in support thereof states as follows:

## I. THE MERITS OF THE HOTEL'S "DEMAND" TO MILLENNIUM DO NOT FORM THE BASIS OF ST. PAUL'S COVERAGE POSITION.

The Defendants characterize St. Paul's argument as being that there is no coverage because the alleged claim by the Hotel against Millennium lacks merit. But this is not St. Paul's position.[1] Rather, St. Paul's position is that (1) the demand lacks factual allegations necessary to trigger the duty to defend at all; and (2) the factual circumstances that have been uncovered during the course of discovery demonstrate that the claim is merely an attempt between two undeniably related entities—almost completely overlapping in management and ownership—to collude to create coverage where none exists. Florida courts have recognized the potential for collusion with respect to a strict application of the eight-corners rule, and have looked outside the pleadings to resolve such issues. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 16-17 (Fla. 2004) (noting the incentive for plaintiffs and defendants to collude to create coverage); *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (reiterating that under Florida law, conclusory buzz words are not sufficient to trigger coverage).

This is not the "usual" duty to defend case, wherein the parties have the benefit of an actual complaint that they can analyze with respect to the eight-corners rule. Here, the only "claim" that has been provided to St. Paul is a letter from Frank Santos—the vice president, secretary, treasurer,

[1] Indeed, that would be a poor argument, as St. Paul's policies obligate it to defend "even if all of the allegations of the claim or suit are groundless, false, or fraudulent." *See* D.E. 32-1, at 78.

and chief financial officer of both the Hotel and Millennium—to Tamara Flores—Millennium's Director of Information Technology. There is simply no way of reading this letter as **not** being a letter from Mr. Santos to himself, irrespective of the precise reason why Millennium and ProvInsure employees receive checks issued by the Hotel.[2]

St. Paul does not contest that Millennium and the Hotel are technically distinct legal entities. However, they plainly are so closely intertwined through management and organization that the "demand" from the Hotel to Millennium is manifestly collusive and pretextual. The Defendants offer no material facts to refute this. Nor is the *Michigan Millers* case cited by the Defendants applicable, as it does not analyze the duty to defend in the specific case presented here—when one company makes a purported claim against its wholly-owned subsidiary who is controlled and managed by substantially the same parties.[3] *See Mich. Millers Mut. Ins. Co. v. Travelers Indem. Co. of Ct.*, No. 16-11767, 2016 WL 7100539, at *5 (E.D. Mich. Dec. 6, 2016). The same defect exists with respect to *Tooling, Mfg., & Techs. Ass'n v. Hartford Fire Ins. Co.*, 693 F.3d 665, 671-73 (6th Cir. 2012). It does not address claims between a parent and its wholly-owned subsidiary.

[2] The Defendants do not dispute the fact that Millennium and the Hotel file a joint tax return, and that Millennium is a wholly-owned subsidiary of the Hotel.

[3] Notably, the Defendants have not addressed the glaring ethical concern presented by their interpretation of the Santos letter—how could any defense counsel render attorney-client privileged advice when the same people to which such counsel would owe a duty of confidentiality control the putative plaintiff as well? *See* R. Regulating Fla. Bar 4-1.7(a)(2) ("[A] lawyer must not represent a client if…there is substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to…a third person[.]").

## II. THE DEFENDANTS GROSSLY MISCHARACTERIZE THE RESOLUTION OF THE PRIOR TRIP-AND-FALL CLAIM.

The Defendants grossly mischaracterize the prior course of dealing with respect to the trip-and-fall claim. In that case, a woman tripped over a cable that had not been properly taped down. The Hotel was insured for general liability by Zurich, and Millennium had been insured for general liability by St. Paul. The injured woman made a claim for premises liability against the Hotel. Consistent with Florida law regarding comparative fault, the Hotel attempted to shift blame onto Millennium to reduce its own culpability.[4] In the end, **both** Zurich **and** St. Paul paid to settle the claim—Zurich on behalf of the Hotel and St. Paul on behalf of Millennium. The Hotel did not demand a defense from St. Paul. The Hotel did not make a claim against Millennium. It simply notified Millennium that they should put their insurance carrier on notice. The Hotel never threatened a lawsuit against Millennium. *See* Ashley Bacot Dep. 74:22-76:12, Mar. 22, 2018 [D.E. 67-1].

Mr. Santos' affidavit to the contrary, submitted in conjunction with the Defendants' Response, contradicts his deposition testimony and must be disregarded. It is black-letter law that "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). In his deposition, Mr. Santos testified that he had no knowledge of who paid what to settle the trip and fall claim. Frank Santos

---

[4] It cannot be seriously disputed that, no matter what the ultimate apportionment of fault would be, the Hotel bore some direct responsibility. *See Armiger v. Associated Outdoor Clubs, Inc.*, 48 So. 3d 864, 873 (Fla. 2d DCA 2010) (noting that "the law imposes a nondelegable duty upon the owners of business premises to maintain their premises in a reasonably safe condition").

Dep. 27:5-13, Mar. 7, 2018 [D.E. 68-1]. With no explanation of the change in testimony, the affidavit must be disregarded. In any event, Mr. Santos' deposition testimony is also inconsistent with documents from Zurich's claim file, which were also submitted in opposition to summary judgment.[5] Claim notes by Christine DeSantis at Zurich note that the adjuster from St. Paul "needs me to send the names of all the entities we want on the release" and that she "requested the check through claims connect". [D.E. 80, at 51-52]. Such notes are entirely inconsistent with St. Paul paying to settle the Hotel's negligence.

## III. EVEN IF THE DEMAND CONSTITUTED A "CLAIM," IT WOULD NOT TRIGGER ST. PAUL'S DUTY TO DEFEND.

Many of the Defendants' remaining arguments have already been adequately addressed, either in St. Paul's initial briefing or in its Response to the Defendants' Motion for Partial Judgment on the Pleadings [D.E. 46], to which St. Paul refers the Court. However, a number of arguments nonetheless merit further discussion.

### A. St. Paul Never Admitted Coverage.

Despite the Defendants' continued arguments to the contrary, St. Paul never admitted that there could be a duty to defend. The coverage letter the Defendants reference—docketed at D.E. 32-5—***actually*** says what St. Paul has argued all along. Namely, that although **in general** a claim for making known covered material that violates a person's right of privacy could be covered,[6] **this** claim could not. As to the reference to St. Paul's corporate representative's deposition, that is no more availing. Even if Mr. Larson had made such an admission—and context dictates that he did

[5] In addition, Jason Vega testified that St. Paul paid for Millennium's alleged negligence, while Zurich paid for Hotel's. Jason Vega Dep. 148:1-17, Mar. 22, 2018 [D.E. 71-1].

[6] This is essentially tautological. The Policy says what it says.

not—it is black letter insurance law that there is no coverage by estoppel. *See, e.g.*, *Crown Life Ins. Co. v. McBride*, 517 So. 2d 660, 661 (Fla. 1987) ("The general rule in applying equitable estoppel to insurance contracts provides that estoppel may be used defensively to prevent a forfeiture of insurance coverage, but not affirmatively to create or extend coverage.").

**B. Logic and Reason Dictate that The "Right of Privacy" Violated Must Belong to the Claimant.**

The Defendants seek to have this court hold that where the policy provides coverage for "Making known to any person or organization covered material that violates a person's right of privacy," that such coverage applies when **anyone** has had a privacy right violated. In contrast, St. Paul's position is that the "right of privacy" purportedly violated must belong to the claimant in order for the policy to potentially afford coverage.[7]

The coverage grant under which the relevant coverage provision falls is for personal injury. That provision enumerates a list of seven "personal injury offenses" which must first occur in order for coverage to lie. In *City of Delray Beach v. Agric. Ins. Co.*, 936 F. Supp. 931, 939 (S.D. Fla. 1994), the City of Delray Beach attempted to paint damages resulting from pollution as being a personal injury offense—in particular, a "wrongful entry or eviction or other invasion of the right of private occupancy." The court critically held that "Because there is no charge against the insureds by a private occupant of the city's water supply, there can be no invasion of the right of

[7] The Defendants incorrectly assert, citing to Florida's Claims Administration Statute ("CAS"), that St. Paul waived this defense by not raising it in the March and June 2007 coverage letters. However, there is no coverage by estoppel. *McBride*, 517 So. 2d at 661. Furthermore, the CAS only applies to "defense[s] to coverage that otherwise exists," not to "a disclaimer of liability based on a complete lack of coverage for the loss sustained." *AIU Ins. Co. v. Block Marina Inv., Inc.*, 544 So. 2d 998, 1000 (Fla. 1989).


FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

private occupancy." *Id.* (internal quotations omitted). In other words, only the person or entity possessing the right to assert the personal injury offense can trigger coverage for personal injury.

### C. In Order for Coverage to Exist, *Millennium* Must Have Published the Private Information.

At this juncture, the parties appear to agree that the terms "make known" and "publication" are synonymous. As a result, the only potentially meaningful distinguishing feature between the instant St. Paul policy and the Policy in the Sony Data Breach case has been eliminated. In *Zurich Am. Ins. Co. v. Sony Corp. of Am.*, No. 651982/2011, 2014 WL 8382554 (N.Y. Sup. Feb. 21, 2014), the court orally held that personal injury coverage applies "only in that situation where the [insured] commits or perpetrates the act of publicizing the information. In this case, they didn't do that. This was done by hackers, as I said." That decision was subsequently followed in *Innovak Int'l, Inc. v. Hanover Ins. Co.*, 280 F. Supp. 3d 1340 (M.D. Fla. 2017) ("The Court concurs in that reasoning [in *Sony*] and finds that the only plausible interpretation of Coverage B is that it requires the insured to be the publisher of the PPI.").

Whatever Mr. Santos stated in his "demand" letter to himself, he expressly disavowed it in his sworn deposition on behalf of the Hotel. Santos Dep. 35:19-36:1. Millennium did not publish the information. Third parties breached the Hotel's systems due to Millennium's alleged negligence. As St. Paul has already argued—and the Defendants have not refuted—personal injury coverage applies only to enumerated offenses committed by the insured, not to negligence.[8]

---

[8] To that end, the Defendants' citation to *Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000 (Fla. 2010) is unavailing. *Penzer* does not address the salient issue—whether personal injury coverage applies to negligence claims as opposed to enumerated offenses. Furthermore, in *Penzer* the insurer did *not* argue that its policyholder was not the publishing party, and in fact acknowledged (in a portion of its brief cited by the court) that "Southeast's [the policyholder's] conduct in having the commercial advertisements sent by facsimile may have violated the [Telephone Consumer Protection Act]…." Similarly, Defendants' citation to *Atl. Specialty Ins. Co. v. Premera Blue*

### D. <u>There Is No Property Damage Because There Is No Physical Damage to Tangible Property.</u>

The Defendants' claim that a duty to defend may exist because of "property damage" must be rejected. Once again, even if the Court constrains itself to the Santos letter, the letter makes no reference to "physical damage to tangible property of others" or "loss of use of tangible property of other that isn't physically damaged." The only damages even **<u>potentially</u>** alleged in the Santos letter are personal injury damages.[9]

## IV. <u>THE MOTION TO COMPEL HAS NO BEARING ON THE RIPENESS OF SUMMARY JUDGMENT.</u>

Lastly, the Defendants argue that St. Paul's motion should be denied because of the then-pending motion to compel [D.E. 63]. Since filing the response, the Court has ruled on the motion. [D.E. 81]. St. Paul takes exception to several conclusions by the magistrate, most notably his findings as to relevancy. But because extrinsic evidence can only be considered in interpreting a policy when the policy is not clear on its face, and because the Defendants have not argued that the policy is ***not*** clear on its face, the information sought in the motion to compel will not aid this court in resolving summary judgment. *See Fla. Power & Light Co. v. Penn Am. Ins. Co.*, 654 So. 2d 276, 278 (Fla. 4th DCA 1995) ("[W]here contractual language is clear and unambiguous, there is no need for judicial construction and the contract must be enforced as written.").

WHEREFORE, St. Paul respectfully requests that the Court grant its Motion for Summary Judgment and award any such relief the Court deems just and appropriate under the circumstances.

---

*Cross*, No. 15-1927 (W.D. Wash.) is without merit. There, the parties do not even have a decision to argue about. The court's reasoning is completely absent.

[9] And in his deposition, Mr. Santos confirmed that the Hotel is not seeking compensation for its customers' loss-of-use. Santos Dep. 47:17-48:8; *see also* D.E. 72-1, at 10.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Aaron M. Dmiszewicki
Aaron M. Dmiszewicki

Respectfully submitted,

/s/ Aaron M. Dmiszewicki

Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101

**SERVICE LIST**

CASE NO. 6:17-CV-540-ORL-41-GJK

Scott N. Godes, Esq.
Barnes & Thornburg LLP
1717 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20006-4623
E-Mail: scott.godes@btlaw.com;
Carrie.Raver@btlaw.com
Telephone: (202) 408-6928
Facsimile: (202) 289-1330
Attorney for Rosen Millennium Inc.

Darryl R. Richards, Esq.
Johnson, Pope, Bokor, Ruppel & Burns, LLP
Sun Trust Financial Centre
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
E-Mail: darrylr@jpfirm.com;
gwenb@jpfirm.com
Telephone: (813) 225-2500
Facsimile: (813) 223-7118
Attorney for Rosen Millennium Inc.